IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICES ON (603) 630-8427** | Misc. No.: 21-mc-<br><br>**Filed Under Seal – Level II**<br>**Pursuant to Local Rule 83.12(a)(2) and**<br>**18 U.S.C. 3123** |

**APPLICATION**

The United States of America, moving by and through Assistant United States Attorney Jennifer C. Davis, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the WhatsApp, LLC. ("WhatsApp") account listed in Attachment A. In support of this application, the United States asserts:

1.      This is an application, made under 18 U.S.C. § 3122(a)(1), for orders under 18 U.S.C. § 3123 authorizing the installation and use of pen registers and a trap and trace devices.

2.      Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency."  18 U.S.C. § 3122(b).

3.      The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration ("DEA"). The DEA is being assisted in this investigation by other state, local and federal investigative agencies.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen/trap devices is relevant to an ongoing criminal investigation of a drug trafficking organization ("DTO") that is being conducted by the DEA.

6. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2). Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to send to, or receive from, other users of the service calls and messages.

11. More specifically, the smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. Users can also engage in real-time voice and video calls and participate in group chats. The smartphone application can be paired with the browser-based WhatsApp Web service to achieve similar functionality from laptop and desktop computers. In order to send or receive messages via WhatsApp Messenger or WhatsApp Web, the relevant device must connect to the Internet.

12. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a smartphone or laptop) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's WhatsApp account), the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the identity of the communicating device without revealing the communication's content.

13. Each WhatsApp account has a unique account identifier in the form of the telephone number of the mobile phone upon which the user has installed the WhatsApp Messenger application. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive; they are like the telephone numbers of incoming outgoing calls because they indicate both origin and destination(s). These telephone numbers/account identifiers can be recorded by a pen/trap device and can be used to identify parties to a communication without revealing the communication's content.

14. The United States government, including the DEA, is investigating a group of individuals who are believed to be involved in the distribution of large quantities of controlled substances, including methamphetamine and fentanyl. The investigation concerns possible violations of, *inter alia*, 21 U.S.C. §§ 846, 843(b), and 841(a)(1). Investigators believe that communications relating to the offenses under investigation have been and continue to be made over WhatsApp account (603) 630-8427 believed to be used by an unknown target of this investigation.

15. The conduct being investigated involves use of the WhatsApp account(s) described in Attachment A. To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s). The pen/trap devices sought to be installed and used pursuant to the order resulting from this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including:

- the source and destination WhatsApp account(s);
- the date, time, and duration of the communication; and

- IP address used in conjunction with the communication, including IP address associated with access to the target WhatsApp account(s).

## GOVERNMENT REQUESTS

16.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including source and destination WhatsApp account, the date, time, duration of the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target WhatsApp account(s), without geographic limit.  The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

17.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

18.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap devices unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the DEA pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

19.     The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to the applicant and the DEA before terminating or changing service to the account(s) listed in Attachment A.

20.     The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

21.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

22.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

23.     The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and any Order, and three copies of this Order to the DEA and WhatsApp upon request.

24.     The foregoing is based on information provided to me in my official capacity by agents of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 8, 2021                             Respectfully submitted,

                                                  JOHN FARLEY
                                                  Acting United States Attorney

By:      /s/ Jennifer C. Davis_____
        Jennifer C. Davis
        Assistant U.S. Attorney

ATTACHMENT A

WhatsApp, LLC.

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| WhatsApp, LLC. account | (603) 630-8427 | Unknown | Unknown |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON (603) 630-8427** | Misc. No. 1:21-mc<br><br>**Filed Under Seal – Level II** |

**ORDER**

Jennifer C. Davis, Assistant U.S. Attorney, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen/trap device") on the account(s) described in Attachment A, which is attached and incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the United States Drug Enforcement Administration ("DEA") in connection with possible violations of 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the DEA may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the accounts described in Attachment A, including the source and destination WhatsApp account(s), date, time, duration of the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target WhatsApp account(s), without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp, LLC. ("WhatsApp") and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the DEA reasonably compensate WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to the applicant and the DEA before terminating or changing service to the account(s);

IT IS FURTHER ORDERED that the DEA and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the DEA, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen/trap device, or the investigation to any

person, unless and until otherwise ordered by the Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and provide three copies of this Order to the applicant, DEA, and WhatsApp upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_____    _____
Date                Andrea K. Johnstone
                      United States Magistrate Judge

## ATTACHMENT A

WhatsApp, LLC.

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| WhatsApp., LLC Account | (603) 630-8427 | Unknown | Unknown |

## **CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by and my title is _____. I am qualified to authenticate the records previously produced and listed in Attachment A, attached hereto, because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records previously produced and listed in Attachment A, attached hereto, are true duplicates of the original records in the custody of WhatsApp, LLC. I further state that:

    a.    all records previously produced and listed in Attachment A, attached hereto, were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of WhatsApp, LLC. and they were made by WhatsApp, LLC. as a regular practice; and

    b.    such records were generated by WhatsApp, LLC.'s electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of WhatsApp, LLC. in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by WhatsApp, LLC. and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                                                          Signature